OPINION
{¶ 1} Nick Kaczmark ("appellant") appeals the judgment of conviction by the Trumbull County Common Pleas Court. The trial court's judgment was entered upon a jury's verdict finding appellant guilty of Aggravated Burglary, a violation of R.C. 2911.11(A)(2), and Kidnapping, a violation of R.C. 2905.01(A). The jury also found appellant guilty of firearm specifications, in violation of R.C. 2941.14.5, on both charges. For the following reasons, we affirm the decision of the trial court in this matter.
{¶ 2} The following was testified to at trial by the victim, Brad Pirigyi ("Pirigyi"). On or about October 15, 2000, Pirigyi hosted a party at his home in Niles, Ohio. At some point during the party, Pirigyi wrote out several personal checks to "cash" in an amount totaling $1,000. Pirigyi then gave the checks to his friend David Palm, who left the party, but later returned with cocaine. The next day, Pirigyi was downstairs in his basement when he heard a knock on his back door. As Pirigyi went to answer the door, appellant and two armed men made their way into Pirigyi's home. Pirigyi stated: "I stood in front of the door and I wasn't going to let them in, but as soon as I saw that they had guns, I'm not going to stand there and fight a guy who's got a gun in his hand." As they forced Pirigyi from the landing backwards into the kitchen, appellant told Pirigyi "if he didn't come up with one thousand dollars, there was going to be some serious repercussions."
{¶ 3} After convincing appellant to let him go to the bank, alone, Pirigyi instead drove to his grandmother's house where he called his mother at work, telling her to "call the police, mom, there's three guys at my house with guns." Pirigyi's mom called the police, and upon their arrival, the police discovered the three men inside Pirigyi's home. While the men did not possess the weapons at the time they were searched, Niles Patrolman Daniel Atkins, Jr. reported that the men made a trip to their vehicle and returned to Pirigyi's house prior to the arrival of the police. The weapons, correctly identified by Pirigyi as a .12 gauge shotgun and a .38 revolver, along with four unused shotgun shells, were found one block away in the trunk of a car registered to one of the men who accompanied appellant into Pirigyi's home. Following his arrest and subsequent indictment, a jury found appellant guilty of the above-mentioned violations on May 31, 2001.
{¶ 4} The trial court sentenced appellant to six years on the Aggravated Burglary count and six years on the Kidnapping count, with both sentences to run concurrently. Appellant was also sentenced to three years on the merged firearms specifications, said sentence to run prior to and consecutive with the principal sentence imposed. This timely appeal followed. Appellant asserts one assignment of error for our review:
{¶ 5} "[1.] The appellant's convictions were against the manifest weight of the evidence."
{¶ 6} In reviewing a manifest weight of the evidence claim, the appellate court "reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52; State v. Swank, 11th Dist. No. 98-L-049, 2001-Ohio-8833, 2001 Ohio App. LEXIS 5846. The discretionary power to grant a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
Furthermore, the "weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
{¶ 7} Appellant argues that the jury's guilty verdict was contrary to the evidence presented at trial. We disagree with appellant.
{¶ 8} In regards to the Aggravated Burglary charge, R.C. 2911.11(A) states: "No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure *** any criminal offense, if any of the following apply: (1) The offender inflicts, or attempts or threatens to inflict physical harm on another; (2) The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control."
{¶ 9} Appellant argues that Pirigyi's credibility was suspect due to his failure to remember certain events from the night of the party. However, the focus of this case is on the day after the party, not the night before. Appellant also argues that Pirigyi testified that he opened the door for the three men, in contrast to the men breaking into Pirigyi's home. Those arguments fail to sway this court. As mentioned above, Pirigyi was faced with armed men at his door. Pirigyi testified, that due to the armed men, he had no choice but to open the door for fear of being shot. Appellant presents no evidence to the contrary on this issue.
{¶ 10} Appellant also argues that the evidence presented at trial indicates appellant never actually held a gun during the incident, and as a result, the jury's finding on the firearm specifications should be overturned. We disagree with appellant.
{¶ 11} As to the firearm specification, the jury was instructed that "on or about his person or under his control" meant that the "firearm was under defendant's person or so near to the defendant as to be conveniently accessible and within the defendant's immediate physical reach." O.J.I. 413.37. The testimony at trial indicated appellant was the only one who spoke to the victim and threatened the victim with "serious repercussions" while two armed men stood at his side. Furthermore, Captain Simeone of the Niles Police Department testified that he test fired both weapons seized in the arrest and found them to be fully operable. Based on the above, we conclude that a jury could reasonably infer that the weapons were conveniently accessible and within appellant's immediate reach as to satisfy the above definition. State v. Ruggles (Sept. 11, 2000), 12th Dist. No. CA99-09-027, 2000 Ohio App. LEXIS 4108.
{¶ 12} In defining Kidnapping, R.C. 2905.01(A) states: "No person, by force, threat, or deception, *** shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: ***; (2) To facilitate the commission of any felony or flight thereafter; (3) To terrorize, or to inflict serious physical harm on the victim or another; ***."
{¶ 13} Pirigyi testified at trial that he did not feel free to leave his own home as appellant and his accomplices held him at gunpoint in the kitchen. Pirigyi also testified that he was "scared to death", a claim that was supported by his mother, who also testified that Pirigyi was very upset when he called her on the phone and instructed her to call the police. Appellant again offers no evidence to the contrary.
{¶ 14} Appellant did not put on a defense at trial. Thus, we are left to examine the record before us. Thompkins, supra. Based upon our thorough review of the record, we cannot say that the jury in this case clearly lost its way in convicting appellant of Aggravated Burglary and Kidnapping, along with the accompanying firearm specifications. We hold appellant's sole assignment of error to be without merit. The decision of the trial court in this matter is hereby affirmed.
DONALD R. FORD, P.J., and ROBERT A. NADER, J., Ret., Eleventh Appellate District, sitting by assignment, concur.